**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ERNEST MICHAEL ELLIS, III,

    Plaintiff,

v.    Case No. 6:16-cv-1750-Orl-37KRS

U.S. BANK, N.A.; CALIBER HOME
LOANS, INC.; WASHINGTON MUTUAL
BANK, F.A.; JPMORGAN CHASE
BANK, N.A.; and LASALLE BANK, N.A.,

    Defendants.

## ORDER

This cause is before the Court the following:

1. Defendant JPMorgan Chase Bank N.A.'s Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support (Doc. 17), filed November 8, 2016; and

2. Plaintiff's Objection to Defendant's Motion to Dismiss Complaint and Supporting Memorandum of Law (Doc. 22), filed December 12, 2016.

## BACKGROUND

Plaintiff—proceeding *pro se*—initiated this action for violation of the Truth in Lending Act ("**TILA**") against Defendants. (*See* Doc. 1.) On August 16, 2016, Plaintiff mailed a notice of rescission (Doc. 1-1 ("**Notice**")) with respect to the loan ("**Loan**") and mortgage ("**Mortgage**"), which secures Plaintiff's residence ("**Property**") to U.S. Bank, N.A. ("**U.S. Bank**"), JPMorgan Chase Bank, N.A. ("**JPMorgan**"), and Washington Mutual Bank, F.A. (Doc. 1, ¶ 10). According to Plaintiff, upon mailing the Notice, the Loan was cancelled by operation of law and the Mortgage was void. (*Id.* at ¶¶ 11, 14, 16.) Thus,

Plaintiff claims that he is entitled to: (1) return of the cancelled Loan; (2) recording of an instrument that would release all encumbrances or liens; and (3) reimbursement of all funds paid in connection with the origination of the Loan. (*Id.* at ¶ 17.) Defendants, as creditors, have allegedly failed to comply with these obligations and are "continuing to process an alleged foreclosure" based on a now-voided Mortgage. (*Id.* at ¶¶ 18, 33.) Thus, Plaintiff requests that the Court enjoin Defendants from taking any affirmative action or seeking any relief with respect to the Loan and prohibit any potential judicial sale of the Property. (*Id.* ¶¶ 22, 25.)

On November 8, 2016, JPMorgan moved to dismiss the Complaint on the ground that the Court lacked subject-matter jurisdiction based on the well-settled *Rooker-Feldman* doctrine. (Doc. 17 ("**MTD**").) Attached to its MTD are copies of: (1) a June 26, 2013 final foreclosure judgment from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida ("**State Court**") in favor of U.S. Bank entitling it to foreclose on the Property (Doc. 17-1 ("**State Foreclosure Judgment**"); and (2) Plaintiff's appeal of the State Foreclosure Judgment to the District Court of Appeal for the Fifth District of Florida (Doc. 17-2). Plaintiff responded (Doc. 22), and the matter is ripe for adjudication.

**STANDARD**

Federal courts have limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations and internal quotations omitted). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject-matter jurisdiction and may take two forms—a facial attack

and a factual attack. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys. Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Facial attacks on the complaint "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject-matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

On the other hand, a factual attack raises the jurisdictional challenge "irrespective of the pleadings." *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). In resolving a 12(b)(1) factual attack, a court is "free to independently weigh facts" and consider evidence outside of the pleadings, so long as its conclusions do not implicate the merits of the plaintiff's claims. *Id.* at 925. Courts are to presume that they lack subject-matter jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377. A challenge to a court's subject-matter jurisdiction based on the *Rooker-Feldman* doctrine is a factual attack. *See, e.g.*, *O'Neal v. Bank of Am., N.A.*, No. 8:11-cv-107-T-17-TGW, 2012 WL 629817, at *3 (M.D. Fla. Feb. 28, 2012).

## DISCUSSION

JPMorgan contends that, under *Rooker-Feldman* doctrine, this Court lacks subject-matter jurisdiction over Plaintiff's suit.[1] The *Rooker-Feldman* doctrine precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments. *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009). In general, the *Rooker-Feldman* doctrine applies if: (1) the federal action is brought by a state-court loser;

---

[1] The doctrine has its origins in two U.S. Supreme Court cases. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

(2) complaining of an injury caused by a state-court judgment; (3) rendered before the federal district court proceedings commenced; and (4) inviting the district court to review and reject the state-court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). To that end, the doctrine encompasses claims that were actually raised in the state court and those "inextricably intertwined" with that state court judgment. *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). A federal claim is inextricably interviewed with a state-court judgment where: (1) the success of the federal claim would "effectively nullify" the state-court judgment; and (2) the federal claim "succeeds only to the extent that the state wrongly decided the issues." *Springer v. Perryman*, 401 F. App'x 457, 458 (11th Cir. 2010) (per curiam) (quoting *Casale,* 558 F.3d at 1260).

These four requirements for the application of the *Rooker-Feldman* doctrine are met as to Plaintiff's TILA claim. Plaintiff, the losing party to the State Foreclosure Judgment, brought this federal action. (*See* Doc. 1.) The State Court issued its State Foreclosure Judgment more than three years before Plaintiff initiated this action. (*See* Doc. 17-1.) And, Plaintiff's TILA claim is "inextricably intertwined" with the State Foreclosure Judgment because a decision on the TILA claim would effectively nullify the State Foreclosure Judgment. *See Parker v. Potter*, 368 F. App'x 945, 947–48 (11th Cir. 2010) (reversing the grant of summary judgment on a TILA claim because such action "unquestionably invalidated the state court's final judgment granting foreclosure and therefore offended the *Rooker-Feldman* doctrine."); *see also Harper v. Chase Manhattan Bank*, 138 F. App'x 130, 133 (11th Cir. 2005) (affirming dismissal of a claim under TILA and noting that the TILA claim was inextricably intertwined where the plaintiff

sought an injunction to prevent enforcement of final state foreclosure judgment). Hence Plaintiff is asking that the Court do what *Rooker-Feldman* plainly prohibits, that is, "overturn an injurious state-court judgment." *Exxon Mobil Corp.*, 544 U.S. at 292.

To be sure, while Plaintiff was a party to the state-court proceeding, not all defendants in the instant federal case were parties. Apart from U.S. Bank none of the other defendants were part of the State Foreclosure Judgment. (*See* Doc. 17-1.) But the *Rooker-Feldman* doctrine requires only that the party against whom the doctrine is being asserted in federal court—Plaintiff—to have been a party in the prior state-court proceeding. *See Auburn Med. Ctr., Inc. v. Cobb*, 567 F. Supp. 2d 1333, 1338 (M.D. Ala. 2008) (citing *Lance v. Dennis*, 546 U.S. 459, 464 (2006)); *see also Christophe v. Morris*, 198 F. App'x 818, 824–25 (11th Cir. 2006) (per curiam) (disregarding the fact that other defendants to the federal action were not parties to the state-court action because the "party that matters is the plaintiff").[2] This requirement is clearly met here.

In light of the foregoing, the Court finds that the *Rooker-Feldman* doctrine applies to Plaintiff's TILA claim, and Plaintiff's arguments to the contrary are unpersuasive. Therefore, the Court lacks subject-matter jurisdiction and JPMorgan's MTD is due to be granted.[3]

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

---

[2] Limiting the requirement to only the party against whom the doctrine is being asserted prevents a state-court loser from doing an end-run around the *Rooker-Feldman* doctrine by merely suing additional, or even different, parties in federal court. *Auburn Med. Ctr., Inc.*, 567 F. Supp. 2d at 1338.

[3] Because the Court finds that it lacks subject-matter jurisdiction, it does not address JPMorgan's dismissal arguments under Rule 12(b)(6).

1. Defendant JPMorgan Chase Bank N.A.'s Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support (Doc. 17) is **GRANTED**.
2. Plaintiff Ernest Michael Ellis, III's claims (Doc. 1, ¶¶ 22–28, 31–34) are **DISMISSED** for lack of subject-matter jurisdiction.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 6, 2017.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record