UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERNEST MICHAEL ELLIS, III,

    Plaintiff,

v.                                          Case No. 6:16-cv-1750-Orl37KRS

U.S. BANK, N.A.; CALIBER HOME
LOANS, INC.; WASHINGTON
MUTUAL BANK, F.A.; JPMORGAN
CHASE BANK, N.A.; and LASALLE
BANK, N.A.,

    Defendants.
_____

## ORDER

In the instant action, Plaintiff moves the Court to vacate its prior dismissal order (Doc. 40.) For the reasons set forth below, the motion is due to be denied.

### I.    PROCEDURAL HISTORY

On February 6, 2017, the Court dismissed Plaintiff's Complaint for lack of subject matter jurisdiction. (Doc. 34 ("**Dismissal Order**").) Plaintiff now moves the Court to vacate the Dismissal Order under Federal Rules of Civil Procedure 60(b) and (d). (Doc. 40 ("**Motion to Vacate**").) Specifically, Plaintiff maintains that he has discovered new evidence demonstrating that Defendants procured the Dismissal Order through fraud. (*Id.*) Defendants U.S. Bank, N.A., and Caliber Homes, Inc. responded to the Motion to Vacate on March 28, 2017 (Doc. 42), and Defendant JPMorgan Chase Bank, N.A. ("**JPMorgan**") joined in such response. (Doc. 43.)

## II. LEGAL STANDARDS

On motion and just terms, a court may relieve a party from a final order due to newly discovered evidence. Fed. R. Civ. P. 60(b)(2). To be entitled to such relief, a movant must establish that: (1) the evidence has been newly discovered since the trial; (2) the movant acted with due diligence to discover the new evidence; the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a new result. *Waddell v. Hendry Cty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003).

In addition, to obtain relief based on fraud under Rule 60(b)(3), the movant must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentation, or other misconduct. *Id.* The conduct complained of must have prevented the losing party from fully and fairly presenting his case or defense. *See Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978).

In a similar vein, under Rule 60(d)(3), a court has the power to set aside a judgment for fraud on the court. Fraud on the court embraces "only that species which does or attempts to, defile the court itself, or is fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication . . . ." *Traveler's Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985) (per curiam). This provision is narrowly construed and reserved for "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated." *Rozier*, 573 F.2d at 1338. To prevail, such claims must be supported by clear, unequivocal, and convincing

evidence. *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987).

### III.  ANALYSIS

In its Dismissal Order, the Court concluded that it lacked subject matter jurisdiction over this action based on the *Rooker-Feldman* doctrine,[1] which precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments. (Doc. 34, p. 5.) Importantly, though Plaintiff filed this action under the federal Truth in Lending Act, the Court found that it was an impermissible attempt to overturn an adverse judgment in a prior state foreclosure action ("**Foreclosure Action**"). (*Id.* at 4–5.)

**A.  Newly Discovered Evidence**

Plaintiff contends that he only recently learned of Defendants' fraud, concealment, and non-disclosure of certain evidence. (Doc. 40, p. 1.) In support, Plaintiff attaches a copy of an affidavit dated October 17, 2016, from a forensic examiner, which concludes that documents submitted in Foreclosure Action were forged. (Doc. 40-2, pp. 2–3 ("**Affidavit**").)

As an initial matter, the plain language of Rule 60(b)(2) would seem to cast doubt on its applicability where, as here, there has been no trial on the merits and no evidence presented to the Court. Nevertheless, even it if applies, Plaintiff has not demonstrated that his "newly discovered" evidence, which appears to be nothing more than "newly produced" evidence, would alter the application of the *Rooker-Feldman* doctrine. To be

---

[1] The doctrine has its origins in two U.S. Supreme Court cases. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

sure, the Court would continue to lack subject matter jurisdiction even if it had the benefit of the Affidavit at the time of the Dismissal Order.

**B.     Fraud**

Relying on the Affidavit, Plaintiff contends that the Dismissal Order should be set aside because Defendants and their counsel committed fraud by submitting counterfeit documents in the Foreclosure Action. (*See* Doc. 40, pp. 5–10.) Additionally, Plaintiff argues that such actions amount to fraud on the Court. (*Id.*) In doing so, Plaintiff essentially requests that the Court recognize a fraud on the court exception to the *Rooker-Feldman* doctrine. The Court declines to do so.

First, not only has Plaintiff failed to meet his burden under Rule 60(b)(3) or 60(d)(3), but Plaintiff has also failed to establish that any alleged "fraud" occurred in *this* action or was perpetrated on *this* Court. Indeed, the allegations pertain to submissions made in the Foreclosure Action, not with respect to the Dismissal Order. Second, the Eleventh Circuit has declined to recognize the exception Plaintiff requests. *See Valentine v. BAC Home Loans Servicing, L.P.*, 635 Fed. App'x 753, 757 (11th Cir. 2015); *see also Soctt v. Frankel*, 606 Fed. App'x. 529, 532, 532 n.4 (11th Cir. 2015); *Velazquez v. S. Fla. Fed. Credit Union*, 546 Fed. App'x 854, 859 (11th Cir. 2013).[2] Finding these authorities persuasive, the Court concludes that Plaintiff's Motion to Vacate is due to be denied.

---

[2] While unpublished opinions are not binding precedent, they may be considered as persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Almedina*, 686 F.3d 1312, 1316 n.1 (11th Cir. 2012).

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Vacate Court Order [dated] February 6, 2017 Granting JPMorgan Chase Bank, N.A.'s Motion to Dismiss (Doc. 40) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 3, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record